UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE DOWNING, SR.,

     Plaintiff,

v.                                Case No. 8:25-cv-2705-KKM-AAS

WASTE MANAGEMENT, INC.
OF FLORIDA et al.,

     Defendants.
_____

**ORDER**

    Pro se plaintiff Eugene Downing, Sr., sues Waste Management, Inc. of Florida, Waste Management, Inc., and Advanced Disposal Services Solid Waste Southeast, Inc., alleging that the defendants unlawfully terminated his employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and the Florida Civil Rights Act (FCRA). *See* 2d Am. Compl. (Doc. 7). The defendants move to dismiss Downing's second amended complaint as a shotgun pleading, for failure to state a claim, and for insufficient service of process. MTD (Doc. 13); Reply (Doc. 22). For the below reasons, I grant the defendants' motion in part.

## I.    BACKGROUND

    In November 2021, Eugene Downing began working for "Waste [M]anagment" as a "commercial container delivery driver." 2d. Am. Compl. at

3, 7. On March 14, 2024, Downing met with "District manager Oterio Davis who misled [Downing] into thinking [he] was being rewarded for past excellent work," but instead "misled [Downing] to sign the retaining bonus for residential line of business which [he] did not realize at the time." *Id.* at 7*; see also id.* at 17 (Retention Bonus Agreement). In July 2024, fleet manager James Polk and route managers Corey Beckin and Roberto Vilchis-Sanchez "questioned [Downing] about [his] plans of retiring at the end of the residential contract." *Id.* at 7. Downing told them he "had no intention of retiring for another 2 years." *Id.* One week later, Beckin "informed [Downing] that [his] employment was being terminated because of the residential contract ending with Polk [C]ounty." *Id.*

Downing filed a charge with the Equal Employment Opportunity Commission (EEOC) because he "believe[d] that it was because of his age" that the defendants terminated him. *See id.* at 5, 7. The EEOC declined to "proceed further with its investigation" and issued Downing a right-to-sue letter on July 15, 2025. *Id.* at 12. Downing filed his first complaint in this Court on October 3, 2025, which I dismissed as a shotgun pleading. Compl. (Doc. 1); (Doc. 3). I likewise dismissed Downing's amended complaint as a shotgun pleading. Am. Compl. (Doc. 4); (Doc. 6). The defendants move to dismiss Downing's second amended complaint as a shotgun pleading, as well as for failure to state a claim

and insufficient service of process. *See* MTD. Downing opposes.[1] Resp. (Doc. 17). I agree that the operative complaint suffers from multiple deficiencies, and I grant Downing a final opportunity to amend his pleading.[2]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] Downing also filed an unauthorized sur-reply. *See* (Doc. 27). The defendants move to strike the sur-reply because Downing did not seek leave of court, as required by Local Rule 3.01(e). Mot. to Strike (28). I grant the motion and do not consider Downing's sur-reply.

[2] On February 18, 2026, Downing filed a third amended complaint. *See* (Doc. 29). Although the pleading appears to remedy some of the deficiencies identified in this order, Downing did not obtain "the opposing party's written consent or the court's leave" before amending his complaint. FED. R. CIV. P. 15(a)(2). Accordingly, I strike the third amended complaint as improperly filed, without regard to the substance of its amendments.

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.   ANALYSIS

The defendants argue that Downing failed to properly serve the second amended complaint by not obtaining a new summons. Additionally, the defendants contend that deficiencies in the complaint's form and substance require dismissal with prejudice. I address each argument in turn.

### A. The defendants fail to persuade that service was improper

Although the defendants initially argue the merits, where a party also raises a sufficiency-of-process defense, a court should first address the procedural objection before turning to merits defenses. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x. 181, 182–83 (11th Cir. 2007) (per curiam). Here, the defendants argue that Downing failed to properly serve the amended complaint by attaching the original summons rather than a reissued summons "correspond[ing] to the operative pleading." *See* MTD at 12–13. I disagree.

Federal Rule of Civil Procedure 4 describes the components of a summons and the process for its issuance, FED. R. CIV. P. 4 (a)–(b), and then requires that "[a] summons must be served with a copy of the complaint," FED. R. CIV. P. 4(c)(1). The defendants assert that the summons must "reflect the correct complaint being served." MTD at 12; *see id.* at 13 ("[S]ervice was defective because the summons did not correspond to the operative pleading.").

I do not read the plain text of Rule 4 to demand as much and observe that the single case cited by the defendants directly contradicts their position. In *Holliday v. Syndicate 3000 at Lloyd's Underwriters at, London*, the district court explained that the plaintiff's service of a third amended complaint was defective because the plaintiff failed to serve *any* summons alongside the complaint. *See* No. 8:17-CV-2063-T-33AEP, 2018 WL 2214648, at *3–4 (M.D. Fla. May 15, 2018). On the other hand, the court recognized that "the only way [the plaintiff] could have properly served [the defendant] would be if he had included the August of 2017 summons with the Third Amended Complaint." *Id.* at *3; *see, e.g.*, *Stevens v. Cosmic Strands LLC*, No. 8:23-CV-2304-VMC-NHA, 2024 WL 5484135, at *2 (M.D. Fla. Sept. 10, 2024) (concluding that the plaintiff properly served "a copy of the [original] summons and Second Amended Complaint"). I cannot conclude that Downing's inclusion of the original summons—which was addressed to the same three defendants—

rendered service of the second amended complaint improper. *See* Summons (Doc. 2).

Moving forward, because counsel has appeared on behalf of all three defendants, (Doc. 14), Downing may serve any amended complaint by filing it on the docket. *See, e.g., Oxebridge Quality Res. Int'l, LLC v. LaBelle*, No. 8:20-cv-2176-CEH-SPF, 2023 WL 3227154, at *3 (M.D. Fla. May 3, 2023) ("Once a party has appeared, a subsequent pleading . . . must be served on them in accordance with Rule 5(b), which permits a greater variety of methods of service than Rule 4.").

### B. Downing's complaint remains a shotgun pleading

Although service appears proper, the defendants also argue that Downing's second amended complaint is a shotgun pleading because it fails to separate claims into separate counts, includes irrelevant narrative and exhibits, and groups allegations. *See* MTD at 8–10. I agree.

"Shotgun pleadings" are "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both," by "fail[ing] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). There are four basic types of shotgun pleadings, three of which are relevant here. First, a pleading is a shotgun if it is "replete with conclusory, vague, and immaterial facts not

6

obviously connected to any particular cause of action." *Id.* at 1322. Second, a pleading is a shotgun if it does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323. Third, a pleading is a shotgun if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

First, I agree with the defendants that Downing's complaint "is replete with lengthy, immaterial narrative and exhibits—including corporate values statements, photographs, and internal policy references—that do not clearly relate or refer to any specific cause of action." MTD at 9. Downing repeatedly claims that he was "misled" when he signed a retention bonus agreement, but he does not explain how so. *See, e.g.*, 2d Am. Compl. at 7. More, Downing does not connect the smattering of documents attached to the complaint to his charge of age discrimination. For example, he does not explain how the defendants' training materials "[a]bout how we at WM . . . are family and we take care of family" support his claim that the defendants terminated him because of his age. 2d Am. Compl. at 8.

Second, and relatedly, to the extent that Downing offers any facts substantiating age discrimination, he fails to "succinctly state those facts in separately numbered paragraphs as required by Federal Rule of Civil Procedure 10(b)." (Doc. 6). Instead, Downing attempts to incorporate a letter

written by his previous attorney during EEOC proceedings. *See* 2d. Am. Compl. at 13–16. If Downing believes that facts in the letter are relevant to his claim, he must organize those facts in the body of his complaint in individually numbered paragraphs. *See Vick v. DeKany*, No. 8:23-CV-1826-WFJ-NHA, 2024 WL 837243, at *2 (M.D. Fla. Feb. 28, 2024) (explaining that although a plaintiff "may attach exhibits to his complaint, such exhibits are not a substitute for making well pleaded allegations in the complaint itself") (citation modified). Likewise, Downing must state each claim under the ADEA and FCRA in separate, individually numbered counts.

Third, Downing's complaint fails to allege which of the three defendants is responsible for each act. *See Weiland*, 792 F.3d at 1323; *see* MTD at 9–10. For example, Downing alleges that a district manager, fleet manager, and two route managers played a role in his allegedly unlawful termination. *See* 2d Am. Compl. at 6–7. But Downing does not state whether the managers worked for Waste Management, Inc. of Florida, Waste Management, Inc., or Advanced Disposal Services Solid Waste Southeast, Inc. In any amended complaint, Downing should specify which defendant performed each act.

## C. Downing's complaint fails to state a claim for relief under the ADEA or FCRA

Even ignoring the shotgun pleading issues in Downing's complaint, his factual allegations fail to state a claim of age discrimination.

Both the ADEA and FCRA prohibit employers from taking an adverse employment action against an employee who is at least forty years of age *because of* that employee's age. *See* 29 U.S.C. §§ 623(a), 631(a); *see also Rainey v. United Parcel Serv., Inc.*, 816 F. App'x 397, 400 (11th Cir. 2020) (per curiam) ("Age discrimination claims brought under the FCRA are analyzed under the same framework as the [ADEA]."). To state a claim of age discrimination under either statute, Downing must allege "[t]he existence of an employer-employee relationship," *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998), "(1) that [he] was a member of the protected group of persons between the ages of forty and seventy; (2) that [he] was subject to adverse employment action; (3) that a substantially younger person filled the position that [he] sought or from which [he] was discharged; and (4) that [he] was qualified to do the job for which [he] was rejected," *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012).

To start, Downing fails to allege which of the three defendants employed him. *See* MTD at 13–14. Downing's complaint says he was an employee of "your company," and the attached letter refers generally to "Respondent." 2d Am. Compl. at 7, 13–16. Downing responds that he alleged the address where he worked "under the Waste Management brand, and that "[a]t the pleading stage, [he] is not required to untangle complex corporate structures" of an "integrated enterprise." Resp. at 2. Even so, Downing's complaint must state

9

that at least one of the three defendants was his employer. And if Downing believes the defendants were an "integrated enterprise," he must say so in his complaint. Facts suggesting as much include the "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999) (en banc) (citation modified).

Next, although Downing alleges that he was sixty-seven years old when he was terminated, *see* 2d. Am. Compl. at 7, he does not sufficiently allege facts showing that his employer terminated him because of his age. Specifically, although Downing's attached EEOC letter represents that "Respondent filled [Downing's] commercial role with a substantially younger employee in their late 40s or early 50s," *id.* at 13–14, neither the letter nor Downing's complaint provides further details, *see Kendrick v. Techfive LLC*, No. 3:22-CV-04833-MCR-ZCB, 2024 WL 1348378, at *20 (N.D. Fla. Mar. 29, 2024) ("[Plaintiff's] recollection that an unidentified younger person was hired to one position is conclusory and insufficient to make a *prima facie* claim for age discrimination."). Downing's bare-bones allegation is "a formulaic recitation of [an] element[]" but is devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. Finally, Downing's complaint fails to allege that Downing remained "qualified to do the job" from which he was terminated. *Kragor*, 702

F.3d at 1308. Absent more specific allegations about his employer and the basis for his termination, Downing fails to state a claim.

Because amendment of Downing's complaint does not necessarily appear futile, I grant him leave to amend his complaint one final time.

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 13) is **GRANTED in part.**

2. Defendants' Motion to Strike (Doc. 28) is **GRANTED**. Plaintiff's unauthorized sur-reply (Doc. 27) is **STRICKEN**.

3. Plaintiff's Second Amended Complaint (Doc. 7) is **DISMISSED without prejudice.**

4. Plaintiff's Third Amended Complaint (Doc. 29) is **STRICKEN** as improperly filed without consent or leave.

5. Plaintiff is granted leave to file an amended complaint that remedies the deficiencies identified in this Order no later than **March 5, 2026**. If Plaintiff fails to file an amended complaint or files another deficient pleading, this action will be dismissed without further notice.

**ORDERED** in Tampa, Florida, February 19, 2026.

*Kathryn Kimball Mizelle*

Kathryn Kimball Mizelle
United States District Judge